Wang v. Barr

BIA
Cassin, IJ
A205 607 593

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of February, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

YAN JUAN WANG,

> *Petitioner,*

> v.                                                    18-11
>                                                       NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          G. Victoria Calle, New York, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Terri J. Scadron, Assistant Director; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Juan Wang, a native and citizen of the People's Republic of China, seeks review of a December 6, 2017, decision of the BIA affirming a March 21, 2017, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Juan Wang,* No. A 205 607 593 (B.I.A. Dec. 6, 2017), *aff'g* No. A 205 607 593 (Immig. Ct. N.Y. City Mar. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The

2

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *see In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after [her] arrival in the United States, an alien must make some showing that authorities in [her] country of nationality are (1) aware of [her] activities or (2) likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

Wang contends she has a well-founded fear of persecution by reason of her conversion to Christianity and her religious practice. Wang does not allege that the Chinese government is aware of her religious practice, and she does not challenge the agency's ruling that she had not shown a reasonable possibility that she would be singled out for persecution. Instead, Wang argues that there is a reasonable possibility that the Chinese government will become aware of her religious practice because she intends to attend an underground church, and that there is a reasonable possibility that she will be persecuted as a result because the government has a pattern or practice of persecuting similarly situated Christians. However, the agency reasonably concluded that Wang failed to show a pattern or practice of persecution of Christians who attend unregistered churches in China.

The State Department's 2015 International Religious Freedom Report states that there are approximately 45 million Christians practicing in unregistered churches in China and that authorities in some areas of the country allow unregistered churches to hold services "provided they remained small in scale," although authorities in other areas

target and close such churches. *See* Rep. at 3, 14.[1] It further reports that China's State Administration for Religious Affairs policy provides that "family and friends have the right to meet at home for worship, including prayer and Bible study, without registering with the government." *Id.* at 6. The news reports in the record concern abuses against people who are not similarly situated to Wang—who testified that she would attend services at an unregistered church, but not that she would take a leadership role, proselytize, or engage in other activism—or concern areas of China other than Wang's native Fujian province. Wang's mother asserted in a letter that others had told her that authorities were "strict" with underground churches, but the letter provided no information about abuses. Similarly, Wang testified that she had heard from family and friends that the government persecuted church members, but she was not aware of any instances of persecution.

Given the large number of Christians practicing in unregistered churches and the fact that the restrictions on

---

[1] The report is available at https://2009-2017.state.gov/documents/organization/256309.pdf.

their activities varied by region, the agency did not err in determining that Wang failed to demonstrate the systemic or pervasive persecution of similarly situated Christians needed to show a pattern or practice. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (upholding denial of pattern or practice claim where evidence reflected that violence was not nationwide and that Catholics in many parts of Indonesia were free to practice their faith); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 169–70 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area of China when persecutory acts vary according to locality). Accordingly, the agency did not err in finding that Wang failed to satisfy her burden of proving a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). Because the agency reasonably found that Wang failed to demonstrate the well-founded fear of persecution needed for asylum, she "necessarily" failed to meet the higher standards for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```